UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

JOHN SWAFFER, JR.,

      Plaintiff,

    v.                                              Case No. 08-CV-208

DAVID DEININGER, THOMAS CANE,
GERALD NICHOL, MICHAEL BRENNAN,
WILLIAM EICH, JAMES MOHR,
and PHILLIP A. KOSS,

      Defendants.
_____

## ORDER

On March 10, 2008, the plaintiff, John Swaffer, Jr., filed his complaint in this action along with a motion for a preliminary injunction pursuant to Federal Rule of Civil Procedure 65. The plaintiff alleges in his complaint that the reporting and disclosure requirements imposed by Wisconsin Statutes §§ 11.23 and 11.30 on individuals participating in ballot referendum advocacy violate the right to free speech under the First Amendment. On April 1, 2008, the City of Whitewater, Wisconsin, will vote on three local referendum questions that would permit liquor sales and the issuance of liquor licenses in Whitewater. The plaintiff's Rule 65 motion seeks injunctive relief allowing him to produce and distribute a mailer and signs advocating his position on the liquor sales referendums without complying with the requirements triggered by Wis. Stat. § 11.23, and without including the disclaimer required by Wis. Stat. § 11.30.

On March 19, 2008, the parties filed a stipulation and proposed order granting the preliminary injunction, "enjoining the defendants from enforcing the statutory provisions challenged in this matter as applied to the plaintiff through April 1, 2008, and until a final decision on the merits of this case or such other event as constitutes a final disposition of this matter." (Stipulation and Proposed Order.) The court will not disturb the parties' stipulation, however, the stipulation raises questions as to whether subject matter jurisdiction will exist once the injunction is entered.

The court has an independent duty to determine whether subject matter jurisdiction exists. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 95 (1998); *Weaver v. Hollywood Casino-Aurora, Inc.*, 255 F.3d 379, 381 (7th Cir. 2001). "Under Article III of the Constitution, the exercise of federal judicial power depends on the existence of a justiciable case or controversy; federal courts do not have jurisdiction to review moot cases." *Maher v. FDIC*, 441 F.3d 522, 525 (7th Cir. 2006). Mootness is often described as "the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n.22 (1997). The Seventh Circuit has held that "[a] case is moot if there is no possible relief which the court could order that would benefit the party seeking it." *Maher*, 441 F.3d at 525 (quoting *In re Envirodyne Indus.*, 29 F.3d 301, 303 (7th Cir. 1994)). Given that the defendants have agreed to not require the plaintiff to comply with the reporting and disclosure requirements

-2-

of Wis. Stats. §§ 11.23 and 11.30 until, at least, after the April 1, 2008 election, it appears to the court that the plaintiff has achieved through this agreement all the relief he seeks in his complaint. Because Article III of the Constitution limits federal subject matter jurisdiction to claims that present an actual case or controversy in whose outcome a plaintiff has a "personal stake," *Perry v. Sheahan*, 222 F.3d 309, 313 (7th Cir. 2000), depending on how this case proceeds, the parties may be required to file briefs addressing whether or not this action has become moot.

Accordingly,

**IT IS ORDERED** that, pursuant to the parties' stipulation, the plaintiff's motion for a preliminary injunction (Docket #2) be and the same is hereby **GRANTED**; pursuant to the parties' stipulation, the injunctive relief shall extend through **April 1, 2008**, and until such other final disposition of this matter as may be ordered by this court.

Dated at Milwaukee, Wisconsin, this 20th day of March, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge