JAMES BOPP, JR.[1]

Senior Associates
RICHARD E. COLESON[1]
BARRY A. BOSTROM[1]

Associates
RANDY ELF[2]
JEFFREY P. GALLANT[3]
ANITA Y. WOUDENBERG[1]
JOSIAH S. NEELEY[4]
CLAYTON J. CALLEN[5]
JOSEPH E. LA RUE[6]

[1]admitted in Ind.
[2]admitted in NY and Penn.
[3]admitted in Va.
[4]admitted in Tex.
[5]admitted in Mo.
[6]admitted in Oh.

# BOPP, COLESON & BOSTROM
ATTORNEYS AT LAW
(not a partnership)

THE NATIONAL BUILDING
1 South Sixth Street
TERRE HAUTE, INDIANA 47807-3510

Telephone 812/232-2434   Facsimile 812/235-3685

_____

THOMAS J. MARZEN
(1946-2007)

E-MAIL ADDRESSES
jboppjr@aol.com
rcoleson@bopplaw.com
bbostrom@bopplaw.com
relf@bopplaw.com
jgallant@bopplaw.com
awoudenberg@bopplaw.com
jneeley@bopplaw.com
ccallen@bopplaw.com
jlarue@bopplaw.com

June 30, 2008

Judge J.P. Stadtmueller        Re:   *Swaffer et. al. v. Deininger et. al.,*
362 United States Courthouse         2:08-cv-00208-JPS
517 E. Wisconsin Ave.
Milwaukee, WI 53202

Dear Judge Stadtmueller,

Plaintiffs in the above noted case file this letter providing citation to new supplemental authority relevant to the determination of the motion to dismiss (Doc. 15). The United States Supreme Court issued its opinion in *Davis v. Federal Election Commission*, No. 07-320, slip op. (U.S. June 26, 2008) late last week. *Davis*'s holding in the area of standing and mootness provide pertinent authority and insight to the present case.

*Davis* involved a First Amendment challenge to the Bipartisan Campaign Reform Act's so-called Millionaire's Amendment. That provision required a candidate who contributed over a certain amount to his own campaign to file contemporaneous reports of his contributions so that his opponent could, based on a formula, have his contribution limits raised. On the merits *Davis* declared both the early disclosure requirement and the asymmetrical contribution limits unconstitutional. However, the Court first addressed the issue of justiciability.

A.     Standing

As to the question of standing, the Court held that at the time of filing his complaint Davis had standing to challenge both the reporting requirements and the asymmetrical contribution limits. *Id.* at 7-8. First, in regard to the reporting statute, the Court noted that at the time Davis filed his complaint he had already been forced to file one report and that he "faced the imminent threat that he would have to follow up on that disclosure with further notifications . . ." *Id.* at 7.

June 30, 2008
Page 2

"Securing a declaration that [the statute's requirements were] unconstitutional and an injunction against their enforcement would have spared him from making these disclosures." *Id*. Second, in regard to the asymmetrical contribution limits, the FEC argued that because Davis's opponent never took advantage of the raised contribution limits Davis had no injury. The Court disagreed, stating "the injury required for standing need not be actualized." *Id.* at 8.

So, as applied to the present case, it is of no relevance that Defendants have not brought an enforcement action against Swaffer and Rasmussen. Both Swaffer and Rasmussen have engaged in activity governed by the statutes, plan to do so again in the future, and seek a declaration as to the statutes unconstitutionality and a permanent injunction against their enforcement. And, like Davis, Rasmussen has already been forced to file a disclosure report and will be subject to additional reporting in the future.

**B.     Mootness**

The FEC also argued that Davis's claims had become moot, as the election in which he was participating had long since come and gone. The Court rejected this argument. Because Davis's claims had not been adjudicated prior to the election, and he had expressed intent to engage in similar activity again, the case was cable of repetition yet evading review and his claims were not moot. *Id.* at 9.

Just like Davis, Swaffer's constitutional claims were not adjudicated prior to the election and he has expressed intent to do materially similar activities in the future. So Swaffer's claims are not moot.

Sincerely,

BOPP, COLESON & BOSTROM

/s/

Clayton J. Callen

June 30, 2008
Page 3

## Certificate of Service

I hereby certify that on June 30, 2008, I served upon the below listed persons copies of this letter by electronically filing this document for electronic transmission.

Jennifer Sloan Lattis
Christopher J. Blythe
Wisconsin Department of Justice
Office of Attorney General
17 W. Main St.
PO Box 7857
Madison, WI 53707
*Attorneys for Defendants*

\s\ Clayton J. Callen