United States District Court
Eastern District of Wisconsin
Milwaukee Division

| | |
|---|---|
| **John Swaffer, Jr.** and **Michael Rasmussen**, *Plaintiffs*, v. **Thomas Cane**, **Gerald Nichol**, **Michael Brennan**, **William Eich**, **Phillip A. Koss**, **Victor Manian**, and **Gordan Myse**, in their official capacities, *Defendants*. | **Civil Action No**. 2:08-cv-00208-JPS<br><br>**Plaintiffs' Motion For Attorneys' Fees and Expenses** |

## Motion for Attorneys' Fees & Expenses

Plaintiffs, John Swaffer, Jr. and Michael Rasmussen, by counsel, move the Court for an award of attorneys' fees and expenses pursuant to Federal Rule of Civil Procedure 54(d)(2), and 42 U.S.C. § 1988. In support of their motion, Plaintiffs state the following:

Plaintiffs brought this action under 42 U.S.C. § 1983 for declaratory and injunctive relief to prevent Defendants from depriving them of their First Amendment rights of political speech and association during judicial election campaigns.

On March 16, 2009,[1] this Court granted summary judgment in favor of Plaintiffs,

---

[1] The fee petition was originally due fourteen days after the Court entered its order of judgment. However, the time for filing the fee petition was extended to April 6, 2009, after this Court granted the parties' joint motion for extension of time.

1

declaring that both Wis. Stat. § 11.23 the "PAC-style requirements" and Wis. Stat. § 11.30 the "disclaimer requirement" are unconstitutional as applied to the Plaintiffs in this case. *Swaffer v. Cane*, No. 08-CV-208 at 11,12 (Mar. 16, 2009) (Doc. # 37). Thus, because Plaintiffs have successfully obtained a judicially enforceable declaratory judgment, Plaintiffs are the prevailing party in this litigation pursuant to 42 U.S.C. § 1988.

Federal law provides that a court may award reasonable costs, expenses, and attorneys' fees to a "prevailing party" in an action to enforce 42 U.S.C. § 1983. 42 U.S.C. § 1988. Plaintiffs are prevailing parties and are entitled to reasonable litigation expenses and attorneys' fees resulting from the litigation of this case. Alternatively, to the extent that any expense is deemed more appropriately charged as a cost under 28 U.S.C. § 1920, Plaintiffs claim costs under that statute as well.

Pursuant to Fed. R. Civ. P. 54(d)(2), Plaintiffs make the following claim for the attorneys' fees and expenses to which they are entitled:

  (a) For lead counsel, Bopp, Coleson & Bostrom, attorneys' fees in the amount of $71,953.50 and expenses and costs in the amount of $3435.47 for a total of $75,388.97.

  (b) For local counsel, Michael D. Dean, LLC, attorneys' fees in the amount of $7316.00 and expenses and costs[2] in the amount of $156.00 for a total of $7472.61.

---

[2]Lead counsel reimbursed local counsel for some, but not all of its expenses in the litigation. Thus, those expenses which were reimbursed are included in the expenses claimed by lead counsel.

The total fees and costs and expenses claimed are in the amount of $82,861.58 subject to modification for continuing work and expenses on the fee petition.

WHEREFORE, Plaintiffs respectfully move this Court to award Plaintiffs attorneys' fees and costs and expenses to compensate them for the work reasonably performed and costs reasonably incurred in prosecuting the aforementioned claims and prevailing against Defendants.

Dated: April 6, 2009
Respectfully submitted,

  /s/ Jeffrey P. Gallant

| | |
|---|---|
| James Bopp, Jr., Ind. #2838-84 | Michael D. Dean |
| Jeffrey P. Gallant, Va. #46876 | 20975 Swenson Drive |
| Clayton J. Callen, Mo. #59885 | Suite 125 |
| Bopp, Coleson & Bostrom | Waukesha, WI 53186 |
| 1 South Sixth Street | 262/798-8044 telephone |
| Terre Haute, IN 47807-3510 | 262/798-8045 facsimile |
| 812/232-2434 telephone | *Local Counsel for Plaintiff* |
| 812/234-3685 facsimile | |
| *Lead Counsel for Plaintiff* | |